# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2019

Lyle W. Cayce
Clerk

No. 18-11109
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT GRAY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-434-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Robert Gray appeals the within-Guidelines sentence imposed after his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the district court erred in assessing a four-level sentencing enhancement. We AFFIRM.

This court reviews the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11109

*Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  We will uphold a factual finding on clear error review so long as it is "plausible in light of the record as a whole."  *Id.* (citation omitted).

Gray's specific contention is that the Government failed to carry its burden under the U.S.S.G. § 2K2.1(b)(5) enhancement to demonstrate that he knew or had reason to believe that his sales of firearms to a confidential informant would result in the transfer of firearms to an individual who intended to use or dispose of them unlawfully.  *See* § 2K2.1, cmt. n.13(A).  That contention raises a factual issue that we review for clear error.  *United States v. Juarez*, 626 F.3d 246, 251-52 (5th Cir. 2010).  In assessing a defendant's mental state for purposes of sentencing, a court may draw "common-sense inferences from the circumstantial evidence," *id.* at 256 (citation omitted), and such inferences are reviewed for clear error, *id.* at 251.

Here, the factual information in the presentence report, which Gray did not rebut, demonstrated that Gray was actually aware that the firearms he sold to the confidential informant were bound for Mexico and would be arming drug cartels there.  Also, the district court could reasonably infer from the circumstantial evidence in the record that Gray knew or had reason to believe that the firearms he sold were going to be transported to Mexico for illegal purposes.  Such evidence included Gray's knowledge that the informant made his money from the ongoing "border war" and the informant's statement that he makes money by taking firearms to cartels in Mexico.  These facts, considered in light of the record as a whole and making reasonable inferences, support the district court's conclusion that the Section 2K2.1(b)(5) enhancement was not clearly erroneous.  *See Juarez*, 626 F.3d at 251-52.

AFFIRMED.